JORGE JULIÁ ET AL., Petitioners, *v.* THE REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1318.   Submitted July 12, 1954.—Decided August 9, 1954.

*Celestino Domínguez Rubio* for petitioners.   The respondent Registrar appeared by brief.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Petitioners Jorge Juliá and others prayed for the registration in the Registry of Property of Guayama of a deed

of servitude of an aqueduct on several tenements. The deeds set forth the value of the servitudes or the consideration paid for them but failed to state the value of the dominant and servient tenements. The Registrar refused to record the servitudes for failure to state in the deed the value of the dominant and servient tenements and for failure to establish by authentic proof the value of said tenements according to official assessment, all pursuant to paragraphs 11 and 12 of § 22 of the Act assigning salaries to the Registrars of Property (Act of May 10, 1904) as amended by Act No. 102 of 1943 (Sess. Laws, p. 282). The parties who presented the documents for registration have challenged said refusal by way of this adminstrative appeal.

Paragraphs 11 and 12 of § 22 provide:

"Section 22.—The tariff of fees to be paid hereafter for the services of the registrars of property by the affixing and cancelling of internal-revenue stamps, as hereinbefore provided, shall be as follows:
".        .        .        .        .        .        .        .

"Number 11

"For the collection of the fees charged for an entry or annotation, and for marginal annotations of easements, five per cent of the value, according to official appraisement, of the dominant parcel, for each entry or annotation of said easements made on the servient parcel. For an entry or annotation made on the dominant parcel of the said easement, fees shall be charged in accordance with the official valuation of the servient parcel.

"Number 12

"If the value of each estate or right is not stated on the title, fees shall be charged on the official assessed valuation thereof."

The Registrar acted correctly in refusing to record the deeds. The law requires, as a condition precedent to the registration of a servitude that the value, according to an official appraisement of the *tenements* involved in the servi-

tude be established, it not being sufficient to state the value of the servitudes or the price paid for the right of servitude. In *Board of National Missions* v. *Registrar*, 53 P.R.R. 623, upon referring to the registration of a servitude of passage this Court stated at p. 625:

"Let us consider the other ground of the said decision. The law provides for the collection of certain fees by registrars. A registrar can not make any entry in his books without assessing and collecting said fees for the People of Puerto Rico, unless otherwise provided by law. The assessment is made taking into account *the value of the estates involved*. As regards servitudes it is expressly provided in subdivisions 11 and 12 of Section 22 of Act. . . ." (Italics ours.)

The afore-cited case, in its result, is not applicable to the case at bar since it was ultimately held therein that it was not necessary that the official valuation of the tenements be stated inasmuch as in said case the tenements involved were exempted from taxation and therefore they could not be assessed officially. But there is no such exemption in the case at bar, and, therefore, the afore-cited provision regarding the need to state the official assessment valuation of the tenements is applicable.

The petitioners invoke the case of *Casalduc* v. *Registrar*, 67 P.R.R. 582. But said case has no direct bearing on the case at bar. A deed of sale was presented for record, the value being stated in the deed. It was held that the Registrar could not refuse to record said document on the ground that the value given to the property was inadequate, because such consideration is not included within the authority of the Registrar. But the case at bar does not deal with an opinion of the Registrar as to whether the value stated in the deed is sufficient or intrinsically reasonable. It is rather the case of a total lack of proof or showing as to the value of the dominant or servient tenements.

The note appealed from will be affirmed.

Mr. Justice Sifre did not participate herein.